IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONIDES ROSARIO, ET AL.** : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **SCM GROUP USA, INC.** : <br> **Defendant** : | **CIVIL ACTION NO. 02-3025** |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                     **July 2, 2003**

      Presently before the Court is Defendant's Motion for Summary Judgment. For the reasons set forth below, upon consideration of Defendant's motion, and Plaintiff's response, this Court will deny Defendant's motion.

**BACKGROUND**

      SCM Group USA ("SCM USA") is a subsidiary of SCM Group SpA. in Rimini, Italy ("SCM Italy") and a Georgia distributor of industrial woodworking machinery. Plaintiff Leonides Rosario injured his hand on February 15, 2001, at his place of employment, Meridian Products. The injury occurred when Leonides Rosario encountered an exposed blade, while he was in the process of turning off a T-120 shaper (the "shaper"). The on-off switch was located on the side of the shaper. Plaintiffs filed their first lawsuit on May 20, 2002, against SCM USA, Docket Number 02-CV-3025 ("SCM USA"). Plaintiffs learned during the deposition of Mark Sitz on January 17, 2003, that the manufacturer of the T-120 shaper is SCM Italy. Thereafter, Plaintiffs filed their second lawsuit on February 6, 2003, against SCM Italy, Docket Number 03-CV-761.

      Plaintiffs have sent counsel for SCM Italy a copy of the summons and complaint on February 10, 2003, but Plaintiffs are in the process of serving the complaint pursuant to the terms of the Hague

Convention. The issue in this case is the origin of the T-120 shaper in question because the shaper does not bear an identification number.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. at 2553-54. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence]

threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255, 106 S. Ct. at 2513-14.

### DISCUSSION

Defendant contends that there are undisputed facts that establish that SCM USA had absolutely no involvement in the design, manufacture, construction, assembly, or sale of this shaper. (Def.'s Mem. at 2). To support its position, Defendant argues that the shaper was manufactured designed and sold by SCM Italy before 1981, when SCM USA's operations began.[1] (Def.'s Mem. at 2). Furthermore, Defendant has attached Rooplall Lachman's affidavit, Director of Human Resources and Finance of SCM USA, to support its argument that SCM USA was not the manufacturer, designer, and/or distributor. In Mr. Lachman's affidavit, he testifies that he "had the opportunity to examine the photographs of the product that is the subject of this action. The product is a very old SCM T120 L'Invincible Shaper that was designed, manufactured, and sold long before SCMI Corporation [SCM USA] was formed in 1978." (Def.'s Mem. Exhibit A at 2).

In this case, the Court finds that there exits a material issue of fact – whether SCM USA installed, sold, maintained, repaired, modified, altered or had any involvement the shaper in question. SCM USA has not provided this Court with sufficient evidence to convince this Court that as a matter of law the Defendant is entitled to summary judgment. Therefore, this Court will deny Defendant's motion for summary judgment.

---

[1] SCM USA was incorporated on July 5, 1978, and did not begin doing business until April 1, 1981. (Def.'s Mem. at 2).

**CONCLUSION**

Based upon the foregoing reasons, this Court will deny Defendant's Motion for Summary Judgment.  An appropriate Order follows.