IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONIDES ROSARIO, ET AL.** | : | |
|     Plaintiffs | : | |
| | : | **CIVIL ACTION NO. 02-3025** |
| v. | : | |
| | : | |
| **SCM GROUP USA, INC.** | : | |
|     Defendant | : | |

| | | |
|---|---|---|
| **LEONIDES ROSARIO, ET AL.** | : | |
|     Plaintiffs | : | |
| | : | **CIVIL ACTION NO. 03-761** |
| v. | : | |
| | : | |
| **SCM GROUP SpA** | : | |
| Rimini, Italy | : | |
|     Defendant | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                     **July 2, 2003**

Presently before the Court is Plaintiffs' Motion to Consolidate two related cases pursuant to FED. R. CIV. P. 42(a) and Extend the Discovery Deadlines. For the reasons set forth below, upon consideration of Plaintiffs' motion, and Defendant's response, this Court will grant Plaintiffs' motion.

**BACKGROUND**

Plaintiff Leonides Rosario injured his hand on February 15, 2001, at his place of employment, Meridian Products. The injury occurred when Leonides Rosario encountered an exposed blade, while he was in the process of turning off a T-120 shaper (the "shaper"). The on-off switch was located on the side of the shaper. Plaintiffs filed their first lawsuit on May 20, 2002, against SCM Group USA, Inc., Docket Number 02-CV-3025 ("SCM USA"). Plaintiffs learned during the deposition of Mark Sitz on January 17, 2003, that the manufacturer of the T-120 shaper

was SCM Group SpA. in Rimini, Italy ("SCM Italy"). Plaintiffs also learned that SCM USA is a subsidiary of SCM Italy and a Georgia distributor of industrial woodworking machinery. Thereafter, Plaintiffs filed their second lawsuit on February 6, 2003, against SCM Italy, Docket Number 03-CV-761.

Plaintiffs have sent counsel for SCM Italy a copy of the summons and complaint on February 10, 2003, but Plaintiffs are in the process of serving the complaint pursuant to the terms of the Hague Convention. The issue in this case is the origin of the T-120 shaper in question because the shaper does not bear an identification number. Also, Plaintiffs contend that they will sue the remaining distributors in state court because there is no federal question or diversity.

## LEGAL STANDARD

FED. R. CIV. P. 42(a) permits cases pending before the same court to be consolidate when:

> [A]ctions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is at the discretion of the trial court and should be permitted where the consolidation of separate actions presenting common questions of law or fact will promote convenience and economy in judicial administration. See Graphic Arts Int'l Union v. Haddon Craftsmen, Inc., 489 F. Supp. 1088, 1091 n.1 (E.D. Pa. 1979).

## DISCUSSION

This Court finds that judicial economy would benefit by consolidating the two cases. It will be extremely important to Plaintiffs' case to determine the origin of the T-120 shaper in question. Many of the witnesses will be called to testify in both cases. By consolidating these cases, this Court will avoid unnecessary costs and delays. The Court also finds that Defendant SCM Group, USA will

not be prejudiced by consolidating the cases.[1]

## CONCLUSION

Based upon the foregoing reasons, this Court will grant Plaintiffs' Motion to Consolidate and Motion for Extension of Time for Further Discovery. The Court will issue a new scheduling order after the status conference. An appropriate Order follows.

---

[1] Defendant argues that this Court should consolidate the cases because SCM Group SpA, Italy has not been served under the Hague Convention and this process would take several months. Defendant also argues that this case will be dismissed on summary judgment because there is no evidence that SCM Group USA designed, manufactured, sold, or had any contact with the subject product at any time.