WUSINICH, BROGAN & STANZIONE          Attorneys for Plaintiffs
By:    Edward C. Sweeney, Esq.
        I.D. No.:  64565
537 West Uwchlan Avenue, Suite 200
Downingtown, Pennsylvania  19335
(610) 594-1600

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONIDES ROSARIO and GLENDALIZ ROSARIO-TORRES, h/w<br><br>                    Plaintiffs,<br><br>vs.<br><br>SCM GROUP USA, INC.<br>                    Defendant. | CIVIL ACTION - LAW<br><br><br>No.:  02-3025<br><br><br>**JURY TRIAL DEMANDED** |
| LEONIDES ROSARIO and GLENDALIZ ROSARIO-TORRES, h/w<br>                    Plaintiffs,<br><br>vs.<br><br>SCM GROUP SpA.<br>Rimini, Italy<br>                    Defendant. | CIVIL ACTION - LAW<br><br>No.:  03-761<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT

### I.    STATEMENT OF FACTS

Plaintiff Leonides Rosario lost significant use of his right hand when he slipped into a wood

shaping machine, a T-120 shaper, designed and manufactured by SCM Group SpA (hereafter SCM

Italy)  while attempting to turn the machine off.  For some inexplicable reason, the on-off switch was

located on the side of the machine, making it incumbent on the user to lean over the machine to turn

it off.  This design feature made a tragedy like this possible, as a simple, safe alternate design was

to locate the on-off switch on the front of the shaper.  This machine was designed for use to do wood

working, and it is easily anticipated there will be a considerable amount of sawdust form the T-120 shaper on the factory floor making it hazardous for the user to lean over the machine. This machine was not safe for its intended use or its intended user, as there was a simple, inexpensive and feasible alternate design that would have made the machine safe for its intended use and would have avoided the risk of a person slipping while trying to turn off the machine. This manufacturer simply had to locate the on-off switch on the front of the machine.

This Motion is filed because Plaintiff intends to proceed on pure products liability theories under Pennsylvania law, which makes several of the Defendant's defenses raised in New Matter ripe for Partial Summary Judgment. The tenor of this Motion is that given that this case is being pursued in strict liability, certain New Matter defenses, particularly those which Pennsylvania law considers sounding in negligence, are not applicable.

## II.     LEGAL ARGUMENT

### A.     PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "ASSUMPTION OF RISK" DEFENSE BECAUSE PENNSYLVANIA LAW HOLDS THE DEFENSE DOES NOT APPLY TO SITUATIONS WHERE THE EMPLOYEE IS REQUIRED TO ENCOUNTER A RISK AS PART OF HIS EMPLOYMENT

Summary Judgment should be granted as to the assumption of risk defense because Pennsylvania law holds that this defense does not apply where an employee in a work place has to encounter the risk as part of his employment.

The issue of whether a litigant has "assumed the risk" is a question of law and not a jury determination. *Frey v. Harley Davidson Motor Co., Inc.,* 734 A.2d 1, 8 (Pa.Super. 1999). Whether plaintiff has "assumed the risk" may be determined as a matter of law "only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and

2

dangerous condition." *Barrett v. Fredavid Builders, Inc.,* 685 A.2d 129, 131 (1996); *Struble v. Valley Forge Military Academy*, 665 A.2d 4 (Pa.Super. 1995). Once the trial court decides that the assumption of risk doctrine is not applicable, the jury is to be charged only on comparative negligence. *Frey, supra*, at 9; *Struble, supra*, at 8.

Pennsylvania law has been recently clarified in this regard in a pair of important Superior Court decisions within the last six years. In *Straub v. Toy Factory, Inc.,* PICS Case No. 00-0531 (Pa.Super. en banc March 24, 2000), the Superior Court en banc held that the assumption of risk defense is inapplicable to situations where an employee is required to encounter a risk in order to perform his job. In *Jara v. Rexworks, Inc.*, PICS Case No. 98-1818 (Pa.Super. Aug. 12, 1998), a panel of the Superior Court held that in a products liability case, assumption of risk is no longer available as an affirmative defense in an employment situation because the employee cannot voluntarily assume the risk when he is required to use equipment furnished by his employer in order to do his job.

In this case, Plaintiff Leonides Rosario was performing duties within the scope of his employment when he was injured. (See Exhibit "A," Rosario deposition at 92-120). Mr. Rosario was performing at his place of employ on a shaper and trying to shut it off at time of injury. Therefore, summary judgment is appropriate as to this defense.

**B.    PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "LEARNED INTERMEDIARY DOCTRINE" DEFENSE AS IT IS PRESENTLY NOT APPLICABLE TO THIS CASE**

Summary Judgment should be granted as to the "learned intermediary" defense because this case clearly does not have facts which implicate the defense.

3

Under the learned intermediary doctrine as it is applied in Pennsylvania, a manufacturer will be held liable only where it fails to exercise reasonable care to inform the one for whose use the product is supplied of those facts which make the product likely to be dangerous. *Rosci v. Acromed, Inc.*, 669 A.2d 959, 969 (1995); *Brecher v. Cutler*, 578 A.2d 481, 485 (1990). Typically, the doctrine has been most often applied to exculpate a manufacturer of drugs who provided warnings to duly licensed physicians about the potentially dangerous side effects of a drug. See *Incollingo v. Ewing*, 282 A.2d 206 (1971); *Brecher, supra*, at 485; *Makripodis v. Merrill-Dow Pharmaceuticals, Inc.*, 523 A.2d 374, 378 (1987); *Leibowitz v. Ortho Pharmaceutical Corp.*, 307 A.2d 449 (1973).

Summary Judgment is appropriate because the "learned intermediary" doctrine has absolutely no application presently. This is not a case that involves prescription drugs. Nor has any evidence been produced or adduced in discovery that Defendant SCM Italy is a manufacturer who provided an alleged "learned intermediary" with information that the shaper in question was defective which would somehow protect Defendant SCM Italy. Hence, summary judgment must be granted.

### C. PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "STATE-OF-THE-ART" DEFENSE BECAUSE PENNSYLVANIA LAW HOLDS THE DEFENSE DOES NOT APPLY TO PRODUCTS LIABILITY CASES

In Pennsylvania, the Supreme Court has rejected the application of the state-of-the-art defense to strict liability products suits. *Carrecter v. Colson Equipment Co.*, 346 Pa.Super. 95, 499 A.2d 326 (1985); *Norman v. Johns-Manville Corp.*, 593 A.2d 890 (Pa.Super. 1991). Third Circuit precedent appears to acknowledge this rejection. *Habecker v. Clark Equipment Co.*, 36 F.3d 1278 (3rd.Cir. 1994). Accordingly, partial summary judgment should be granted presently as to this defense against the Defendant.

4

D.    **PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "INDUSTRY CUSTOM OR STANDARDS" DEFENSE BECAUSE PENNSYLVANIA LAW HOLDS THE DEFENSE DOES NOT APPLY TO PRODUCTS LIABILITY CASES**

In Pennsylvania, the Pennsylvania Supreme Court has ruled that it is impermissible to admit into evidence a manufacturer's compliance with industry custom or standards in a products case. *Lewis v. Coffing Hoist Division, Duff-Norton Company, Inc.*, 515 Pa. 334, 341-2, 528 A.2d 590, 593-4 (1987); *Horsch v. Petroll*, 840 A.2d 404, 425 (Pa.Cmwlth. 2003). This ruling is followed in the Third Circuit. *Brodsky ex rel. Brodsky v. Mile High Equipment Co.*, 69 Fed. Appx. 53 (3rd.Cir. 2003)(error to allow defendants in a strict liability action to introduce evidence of industry standards relating to the level of care exercised by the manufacturer or of the safety of the product). Accordingly, partial summary judgment should be granted presently as to this defense against the Defendant.

E.    **PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "MISUSE" DEFENSE BECAUSE PENNSYLVANIA LAW HOLDS THE DEFENSE DOES NOT APPLY TO PRODUCTS LIABILITY CASES UNLESS THE USE OF THE PRODUCT WAS UNFORESEEABLE OR OUTRAGEOUS**

In Pennsylvania, a "misuse" defense is only viable where there is evidence that the Plaintiff's use of the product was unforeseeable or outrageous. Cilders, 681 A.2d at 207. There is no evidence that the Plaintiff's use of the product was unforeseeable or outrageous within the meaning of past cases. Accordingly, partial summary judgment should be granted presently as to this defense against the Defendant.

F.    **PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "USE OF ORDINARY CARE" DEFENSE BECAUSE PENNSYLVANIA LAW HOLDS THE DEFENSE DOES NOT APPLY TO PRODUCTS LIABILITY CASES BECAUSE IT WOULD INJECT NEGLIGENCE CONCEPTS INTO A STRICT LIABILITY CASE**

The "use of ordinary care" is a basic negligence concept.  Case law makes clear that as a fundamental principle that basic negligence concepts should not be injected into a products liability case. *Lewis v. Coffing Hoist Division, Duff-Norton Company, Inc.*, 515 Pa. 334, 341-2, 528 A.2d 590, 593-4 (1987)(Section 402A of the Restatement (Second) of Torts makes clear that the imposition of strict liability for a products defect is not affected by the fact that the manufacturer or other supplier has exercised "all possible care.") Pennsylvania law is recognized by the Third Circuit in this regard. *Habecker v. Clark Equipment Co.*, 36 F.3d 1278 (3rd.Cir. 1994)(the Pennsylvania Supreme Court has remained faithful to its view that negligence concepts have no place in a products liability matter); *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430 (3rd.Cir. 1992)(evidence of truck driver's alleged negligence was not admissible in a product's liability action under Pennsylvania law as a factor for determining whether conduct was a substantial factor in producing harm); *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d. 107 (3rd.Cir. 1992)(under Pennsylvania products liability law, plaintiff's comparative negligence is irrelevant to either bar recovery or to reduce jury award). Accordingly, partial summary judgment should be granted presently as to this defense against the Defendant.

**G.    PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED AS TO THE "NECESSARY OR INDISPENSABLE PARTIES" DEFENSE BECAUSE THERE IS NO FURTHER NECESSARY OR INDISPENSABLE PARTY OTHER THAN THE MANUFACTURER**

An obvious proposition is that in a products case, there needs to be no further party than the manufacturer, itself.  Accordingly, partial summary judgment should be granted presently as to this defense against the Defendant.

Respectfully submitted,

WUSINICH, BROGAN & STANZIONE

By:_____
     Edward C. Sweeney
     Attorney for Plaintiffs

Dated:_____

WUSINICH, BROGAN & STANZIONE      Attorneys for Plaintiffs
By:    Edward C. Sweeney, Esq.
      I.D. No.:  64565
537 West Uwchlan Avenue, Suite 200
Downingtown, Pennsylvania  19335
(610) 594-1600

### THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONIDES ROSARIO and GLENDALIZ ROSARIO-TORRES, h/w<br>Plaintiffs,<br><br>vs.<br><br>SCM GROUP USA, INC.<br>Defendant. | CIVIL ACTION - LAW<br><br>No.:  02-3025<br><br>**JURY TRIAL DEMANDED** |
| LEONIDES ROSARIO and GLENDALIZ ROSARIO-TORRES, h/w<br>Plaintiffs,<br><br>vs.<br><br>SCM GROUP SpA.<br>Rimini, Italy<br>Defendant. | CIVIL ACTION - LAW<br><br>No.:  03-761<br><br>**JURY TRIAL DEMANDED** |

### <u>ORDER</u>

      AND NOW, this _____ day of _____, 2004, after consideration of Plaintiffs'

Motion for Partial Summary Judgment and any response thereto, the Motion for Partial Summary

Judgement is ruled on follows.  The Motion is

      ( ) GRANTED ( ) DENIED  as to the Assumption of Risk defense

      ( ) GRANTED ( ) DENIED  as to the Learned Intermediary defense

      ( ) GRANTED ( ) DENIED  as to the "state-of-the-art" defense

      ( ) GRANTED ( ) DENIED  as to the industry customs or standards defense

( ) GRANTED ( ) DENIED  as to the "misuse" defense

( ) GRANTED ( ) DENIED  as to the "use of ordinary care" defense

( ) GRANTED ( ) DENIED  as to the "indispensable party" defense

BY THE COURT:

_____

Tucker, J.

WUSINICH, BROGAN & STANZIONE  Attorneys for Plaintiffs
By: Edward C. Sweeney, Esq.
  I.D. No.:  64565
537 West Uwchlan Avenue, Suite 200
Downingtown, Pennsylvania  19335
(610) 594-1600

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONIDES ROSARIO and GLENDALIZ ROSARIO-TORRES, h/w | CIVIL ACTION - LAW |
|     Plaintiffs, | |
| | No.:  02-3025 |
| vs. | |
| SCM GROUP USA, INC. | **JURY TRIAL DEMANDED** |
|     Defendant. | |

| | |
|---|---|
| LEONIDES ROSARIO and GLENDALIZ ROSARIO-TORRES, h/w | CIVIL ACTION - LAW |
|     Plaintiffs, | |
| | No.:  03-761 |
| vs. | |
| SCM GROUP SpA. | **JURY TRIAL DEMANDED** |
| Rimini, Italy | |
|     Defendant. | |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Leonides and Glendaliz Rosario, by and through their counsel Wusinich, Brogan & Stanzione, hereby bring this Motion for Partial Summary Judgment against Defendant SCM Group SpA, and in support thereof, incorporate the attached Memorandum in Support of Partial Summary as if set forth more fully herein.

WUSINICH, BROGAN & STANZIONE

By:_____
  Edward C. Sweeney
  Attorney for Plaintiffs

Dated:_____