IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONIDES ROSARIO<br>  and<br>LINDA ROSARIO, h/w | : <br> : <br> : <br> : <br> : | CIVIL ACTION - LAW |
| v. | : <br> : | |
| SCMI GROUP USA, INC. | : | NO. 02-CV-3025-PBT |
| LEONIDES ROSARIO, et al. | : <br> : | |
| v. | : <br> : | CIVIL ACTION - LAW |
| SCMI GROUP, SpA | : | NO. 03-CV-0761-PBT |

**ORDER**

AND NOW, this          day of                  , 2004, after consideration of Plaintiffs' Motion for Partial Summary Judgment, and upon consideration of Defendant, SCMI Group USA, Inc.'s Response to Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs' Motion for Partial Summary Judgment as to the Learned Intermediary Defense, the State-of-the-Art Defense, the Misuse Defense, the Use of Ordinary Care Defense, Industry Standards Defense and the Indispensable Party Defense is **GRANTED**. Plaintiffs' Motion for Partial Summary Judgment as to the Assumption of the Risk Defense is **DENIED**.

                                                                 **BY THE COURT:**

                                                                 _____
                                                                               **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONIDES ROSARIO<br>and<br>LINDA ROSARIO, h/w | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| SCMI GROUP USA, INC. | : | NO. 02-CV-3025-PBT |
| LEONIDES ROSARIO, et al. | : | |
| v. | : | CIVIL ACTION - LAW |
| SCMI GROUP, SpA | : | NO. 03-CV-0761-PBT |

### DEFENDANTS' ANSWER TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, SCMI Group USA, Inc., by and through its attorneys, Sweeney & Sheehan, hereby respond to Plaintiffs' Motion for Partial Summary Judgment, and in support thereof, incorporates the attached Memorandum in Response to Plaintiffs' Motion for Partial Summary Judgment as if set forth fully herein.

*Johnna D'Aurora* (signature)
Johnna D'Aurora
Identification No. 91260
Warren E. Voter
Identification No. 38410
**SWEENEY & SHEEHAN**
1515 Market Street 19th Floor
Philadelphia, Pennsylvania 19102-1983
(215)563-9811

James D. Meadows
State Bar No. 500360
*Admitted Pro Hac Vice*
**Balch & Bingham**
Fourteen Piedmont Center, Suite 1100
3535 Piedmont Road, N.E.
Atlanta, Georgia 30305
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONIDES ROSARIO<br>and<br>LINDA ROSARIO, h/w | : <br> : <br> : <br> : | CIVIL ACTION - LAW |
| v. | : <br> : | |
| SCMI GROUP USA, INC. | : | NO. 02-CV-3025-PBT |
| LEONIDES ROSARIO, et al. | : <br> : | |
| v. | : <br> : | CIVIL ACTION - LAW |
| SCMI GROUP, SpA | : | NO. 03-CV-0761-PBT |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**I.    STATEMENT OF FACTS**

This is a Civil Action that arises out of an accident that occurred on February 15, 2001, at Meridian Products in New Holland, Pennsylvania. Plaintiff, Leonides Rosario, alleges that he slipped and fell while trying to turn off the T-120 shaper manufactured by SCMI Group, SpA., causing his hand to contact the unguarded cutter head of the shaper at issue in this case. Plaintiff, Leonides Rosario, claims that on the night of his accident, he was leaning to the side to turn off the machine. While leaning, he braced himself with his right hand by pressing it on the tabletop of the shaper. Plaintiff claims that when he slipped and fell on the sawdust that was on the floor, his hand contacted the unguarded cutter head, and he was injured.

**II.   DEFENDANTS DO NOT WAIVE ARGUMENTS AS TO ADMISSIBILITY OF EVIDENCE**

Plaintiffs have moved for Partial Summary Judgment on several of Defendants' defenses, including Assumption of the Risk, Learned Intermediary Doctrine, State-of-the-Art Defense,

Industry Standards, Misuse, Use of Ordinary Care and Indispensable Party Defense. Defendants have no objection to Plaintiffs' request for Partial Summary Judgment on any of these except for Assumption of the Risk (See II B below). Defendants hasten to make clear the scope of this concession. Plaintiffs make no challenge to the admissibility of certain evidence in their Motion for Partial Summary Judgment and, therefore, Defendants have not addressed any such issue. As such, Defendants' concession regarding certain of Plaintiffs' summary judgment arguments should not be deemed a waiver of any arguments regarding the admissibility of certain evidence, at time of trial.

### III. LEGAL ARGUMENT

#### A. Motion for Summary Judgment Standard

Federal Rule of Civil Procedure 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to any part thereof." Id. Summary judgment is properly entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Further,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against that adverse party.

Fed. R. Civ. P. 56(c).

Interpreting these standards, the United States Supreme Court has held that the moving party must initially identify the basis for its motion and cite portions of the record which demonstrate that no genuine issue of material fact remains to be determined. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once that is done, the adverse party cannot simply identify some evidence in support of their claim. Rather, the adverse party must show "enough evidence to enable a jury to reasonably find for the non-moving party on the issue." Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995), citing Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). In addition, where the "non-movant bears the burden of proof on the issue which is the subject of the summary judgment motion, and is confronted by the movant's argument that the facts established through the discovery process do not support the claim, the party must identify evidence of record sufficient to establish every element essential to the claim." Petrucelli, 46 F.3d at 1308, citing Celotex, 477 U.S. at 325.

### B.　Plaintiffs' Motion for Partial Summary Judgment Must Be Denied As To Assumption of the Risk.

Summary Judgment as to Assumption of Risk should be denied because Plaintiffs have failed to meet their burden of proving that there are no material issues of fact. A review of the deposition testimony offered in the cases reveals the existence of an issue of material fact concerning Mr. Rosario's decision to use the subject shaper without an available cutter head guard. In order to establish Assumption of Risk, a jury must find that the injured Plaintiff voluntarily proceeds to use a product with knowledge of the danger caused by the defect. Walasavage v. Marinelli, 483 A.2d 509 (Pa. Super. Ct. 1984).

Plaintiffs allege inadequate guarding as a defect in the subject shaper. See report of Plaintiff's expert, Richard Colberg, attached hereto as Exhibit "A." A review of the record reveals

that Mr. Rosario was aware of the existence of an available guard for the cutting head as well as the danger presented by an unguarded cutter head. See excerpts of depositions of Eduardo Rosado and Wolodymyr Wyniawskyj attached hereto, made a part hereof and marked as Exhibits "B" and "C," respectively. Viewed in the light most favorable to Defendants, it is clear that Mr. Rosario chose to use the shaper without the guard.

Plaintiff cites to <u>Staub v. Toy Factory, Inc.</u> and <u>Jara v. Rexworks Inc.</u> for the overbroad proposition that the assumption of the risk defense is unavailable to Defendants in strict products liability actions where Plaintiff is an employee required to use equipment as furnished by an employer. 749 A.2d 522 (Pa. Super. Ct. 2000); 718 A.2d 788 (Pa. Super. Ct. 1998). In <u>Staub</u>, plaintiff was a roofer who was installing foam insulation sheets on a roof when he was injured. 749 A.2d at 525. Plaintiff was working on a roof into which holes had been cut for the installation of skylights. <u>Id.</u> at 524. Curbing had been installed around the perimeter of these holes just before plaintiff's injury, however, this curbing was not meant as a safeguard for the openings. <u>Id.</u> While installing the foam insulation, plaintiff caught his ankle on the curbing around one of the holes and fell through the hole. <u>Id.</u> at 525. The jury determined that plaintiff had assumed the risk and plaintiff appealed. <u>Id.</u> The only issue on appeal was whether plaintiff could have assumed the risk of his injury. <u>Id.</u> The court held that an employee can not voluntarily assume the risk of his actions where an employee is required to encounter the risk to perform his job. <u>Id.</u> at 530.

In <u>Jara v. Rexworks Inc.</u>, plaintiff was a construction laborer whose duties included cleaning and preventative maintenance of a conveyor belt. 718 A.2d at 790. To clean and maintain the conveyor belt, plaintiff would climb on the conveyor belt. Before doing so, he would notify the plant manager to turn off the power to the belt at the main disconnect. Plaintiff was injured when, while on the conveyor belt, a co-worker pushed the on-button at the base of the conveyor belt,

causing the belt to throw plaintiff to the ground. Plaintiff sued under the theory of strict products liability. Id. at 790. Defendant asserted the affirmative defense of assumption of the risk. The trial court held that plaintiff voluntarily assumed the risk of climbing onto the conveyor belt to clean it. On appeal, the Superior Court reversed the trial court's holding and held that, where an employee in doing his job is required to use equipment as furnished by his employer, the defense of assumption of the risk is unavailable because an employee who is required to use certain equipment to perform his job has "no choice in encountering the risk inherent in that equipment." Id. at 795.

The facts of the present case are distinguishable from the facts of both Staub and Jara because Plaintiff, Leonides Rosario, was not required to encounter the risk of an unguarded cutter head on the job. Mr. Rosario was not required to use the T-120 shaper as furnished to him by his employer. As is clear from the deposition testimony given in the case, Plaintiff had available a guard to use with the machine, but chose not to use it. See Exhibits "B" and "C." Plaintiffs in both Staub and Jara had no choice as to how to perform their jobs. Thus, they could not have voluntarily encountered the risks associated with the performance of their jobs. Here, however, Plaintiff had a choice of whether to use the guard supplied to him by his employer while using the T-120 shaper. Mr. Rosario voluntarily chose to use the T-120 shaper without the guard. He therefore voluntarily chose to encounter the risk of using the T-120 shaper in this way, to perform his job. As such, Jara and Staub do not apply.

Finally, Summary Judgment on the question of whether Plaintiff assumed the risk of the way in which he used the T-120 shaper is premature. All of the facts of the case must be presented before such a ruling can be made. Therefore, Plaintiffs' Motion for Partial Summary Judgment as to the Assumption of the Risk Defense must be denied.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion for Partial Summary Judgment as to Defendants' Assumption of the Risk Defense.

Respectfully submitted,

*/s/ Johnna D'Aurora*
Johnna D'Aurora
Identification No. 91260
Warren E. Voter
Identification No. 38410

**SWEENEY & SHEEHAN**
1515 Market Street 19th Floor
Philadelphia, Pennsylvania 19102-1983
(215)563-9811

James D. Meadows
State Bar No. 500360
*Admitted Pro Hac Vice*

**Balch & Bingham**
Fourteen Piedmont Center, Suite 1100
3535 Piedmont Road, N.E.
Atlanta, Georgia 30305

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONIDES ROSARIO<br>  and<br>LINDA ROSARIO, h/w | : <br> : <br> : <br> : <br> : | CIVIL ACTION - LAW |
| v. | : <br> : | |
| SCMI GROUP USA, INC. | : | NO. 02-CV-3025-PBT |
| LEONIDES ROSARIO, et al. | : <br> : | |
| v. | : <br> : | CIVIL ACTION - LAW |
| SCMI GROUP, SpA | : | NO. 03-CV-0761-PBT |

## CERTIFICATION OF SERVICE

I, **JOHNNA D'AURORA, ESQUIRE,** do hereby certify that a true and correct copy of the within **DEFENDANT, SCMI GROUP USA, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** was forwarded to below listed counsel on **Monday, April 12, 2004** by regular, first class, U.S. mail.

Edward C. Sweeney, Esquire
**WUSINICH, BROGAN & STANZIONE**
537 W. Uwchlan Avenue
Suite 200
Downingtown, PA 19335

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Johnna D'Aurora/*
　　　　　　　　　　　　　　　　　　　　　　　　　　Johnna D'Aurora
　　　　　　　　　　　　　　　　　　　　　　　　　　Identification No. 91260